IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>2475 Prospect Drive, North Charleston, South Carolina<br>Tru by Hilton, Room # 410 | )<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Number: 2:21-cr-447<br><br>**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**<br>(Filed Under Seal) |

I, Adam M. Smith, being duly sworn, hereby depose and say the following:

## I.

## INTRODUCTION

1. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been an ATF Special Agent since October 2018. I am currently assigned to the ATF Charleston South Carolina Field Office within the Charlotte Field Division.

2. As an ATF SA, I have received training in federal firearms laws and regulations at the ATF National Academy. I regularly refer to these laws and regulations during the course of my duties. I have participated in firearms investigations, surveillances and search warrants where firearms have been purchased or seized. Additionally I have participated in investigations involving narcotics and controlled substances which also involved firearm related activity.

3. I am a graduate of the Criminal Investigator Training Program ("CITP") at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. I am also a graduate of the ATF National located at FLETC in Glynco, Georgia. At the ATF National Academy I received formal training in the firearm identification and firearm trafficking investigations. Prior to being employed with ATF, I worked for the

1

Dorchester County Sherriff's Office in South Carolina for approximately twelve years as a Deputy Sheriff. I am a graduate of the South Carolina Criminal Justice Academy and have received continuing education courses in many aspects of investigations, case management and interviewing. While at the Dorchester County Sheriff's Office I worked in the Criminal Investigations Division for approximately nine years where I was assigned to the general investigations unit. I investigated various types of criminal investigation to include violent crimes, firearm violations, financial crimes and cyber-crimes. The last two years of being employed at the Dorchester County Sheriff's Office I was promoted to the rank of Sergeant and was the supervisor over the general investigations unit.

## II.

## **PURPOSE OF AFFIDAVIT**

4. This affidavit is made in support of the following:

A search warrant for the Room number of "410" ("Room #410") which is located inside the business property of Tru by Hilton which is located at 2475 PROSPECT DRIVE, NORTH CHARLESTON, SOUTH CAROLINA, ("SUBJECT PREMISES") including any storage lockers, cabinets, closets at this location, and as further described in Attachment A, incorporated herein by reference, for evidence of violations of Title 18, United States Code, Section 922(g)(1) [felon in possession of a firearm or ammunition]; Title 18, United States Code, Section 924(c) [using or possessing a firearm during and in relation to a drug trafficking crime]; and Title 21, United States Code, Section 841(a)(1) [possession of a controlled substance with intent to distribute].

5. This affidavit is made solely for the purpose of establishing probable cause for the requested search warrant and does not set forth all the information pertinent to the case. The facts set out in this affidavit are derived from my background, training and experience, my review of reports related to this case, my review of field notes related to this case, my debriefings with the confidential informants, my conversations with other

involved personnel, my review of electronic surveillance, my own personal observations and other reliable sources of information relative to this investigation. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by law enforcement officers. I have not set forth each and every fact learned during the course of this investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that a search warrant should be issued.

### III.

### ITEMS TO BE SEIZED

6. I respectfully submit that there is probable cause to believe that the following items, which constitute evidence of violations of Title 18, United States Code, Sections 922(g)(1), 924(c) and Title 21, United States Code Section 841(a)(1), exist and can be found at the SUBJECT PREMISES, re-alleged in Attachment B and incorporated by reference herein.

### IV.

### TRAINING AND EXPERTISE

7. Based upon my training, experience, and participation in other investigations involving controlled substances, I know that:

    a. narcotics traffickers and manufacturers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, manufacture, sale, and distribution of controlled substances;

    b. narcotics traffickers often "front" (provide on consignment) narcotics to their clients and therefore keep records of drug debts;

    c. the aforementioned books, records, receipts, notes, ledgers, etc. are vital to the orderly operation of a narcotics enterprise; therefore, they are maintained where the narcotics traffickers have ready access (this can include their residences, stash pads, residences of family members, vehicles, places of

business and safe deposit boxes) to them and are often kept for months or years at a time;

d. it is common for drug dealers to secrete contraband, records of drug transactions, large amounts of currency, financial instruments, precious metals, jewelry, automobile titles, other items of value and/or proceeds of drug transactions, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending large sums of money acquired from engaging in narcotics trafficking activities in secure locations in their residences, the residences of family members, or the curtilage of these residences (including in garages, storage containers, and vehicles located on such premises and in vehicles they are known to drive and use) and in their businesses for ready access and to conceal them from law enforcement, and also to secrete them in secure off-site locations such as safe deposit boxes;

e. narcotics traffickers commonly maintain addresses and/or telephone numbers in books or papers which reflect names, addresses, and/or telephone numbers of their associates in the trafficking organization;

f. narcotics traffickers take or cause to be taken photographs of themselves, their associates, their property, and their product, and these traffickers usually maintain these photographs in their residences, the residences of family members, and/or businesses;

g. narcotics traffickers commonly use the proceeds from the sale of controlled substances to purchase assets, such as real property or motor vehicles, and often list these assets in fictitious names or the names of family members and friends in an attempt to hide the assets from seizure by law enforcement;

h. narcotics traffickers commonly utilize telecommunication devices to further their illegal operations, including telephones, mobile telephones, cellular telephones, Blackberry devices, and digital paging devices and I know that evidence of association with other narcotics traffickers and/or gang members can be found on these items;

i. narcotics traffickers commonly use handguns, other firearms and ammunition to protect themselves, their contraband, and the proceeds from their drug trafficking activities;

j. persons who possess and sell firearms generally maintain the firearms and records of their firearm transactions as items of value and usually keep them in their residence, or in places that are readily accessible, and under their physical control, such as a commercial storage unit, or their vehicle. Many people also keep mementos of their firearms, including photographs or videotapes of themselves possessing or using firearms. Many people do not dispose of their firearms or firearm related records; they usually keep their firearms and records

for long periods, often spanning several years, in a secure location within their residence, or storage unit;

k. individuals who amass proceeds from illegal activities such as narcotics trafficking and firearms trafficking routinely attempt to further that conduct and/or conceal the existence and source of their funds by engaging in financial transactions with domestic and foreign institutions, and others, through all manner of financial instruments, including cash, cashier's checks, money drafts, traveler's checks, wire transfers, etc. Records of such instruments are routinely maintained at the individual's residence, the residence of a family member, or place of business and are maintained for long periods of time. They also do not report narcotics proceeds to the IRS, which can be seen from a review of their filed income taxes that are also maintained at the individual's residence, the residence of a family member, or place of business and are maintained for long periods of time.

V.

## SUMMARY OF RELEVANT LAW

8. I know that based upon my training and experience, it is a violation of federal law for any person who has been convicted of a crime punishable by imprisonment for a term exceeding a year or more to possess a firearm or ammunition that has affected interstate or foreign commerce (Title 18, United States Code, Section 922(g)(1)).

9. I know that based upon my training and experience, it is a violation of federal law for any person to possess a firearm during the commission of a Drug Trafficking Offense. (Title 18, United States Code, Section 922(c)).

10. I know that based upon my training and experience, it is a violation of federal law for any person to possess a controlled substance with intent to distribute. (Title 21, United States Code, Section 841(a)(1)).

VI.

## SUMMARY OF PROBABLE CAUSE

11. In February of 2021, SA Smith of the ATF Charleston South Carolina field office opened an investigation into Timothy Xavier MCCLENDON (B/M, DOB:

1/13/1998) regarding being a convicted felon who had firearms possession charges pending with the North Charleston Police Department and the Charleston County Sheriff's Office.

    12. SA Smith reviewed certified court records for MCCELDON and verified that he was a multi-convicted felon. SA Smith also obtained certified records from the South Carolina Department of Corrections where MCCLENDON had previously signed a Gun Control Act of 1968 form acknowledging his prohibition to possessing firearms and/or ammunition. SA Smith further obtained records from the South Carolina Department of Probation, Parole and Pardon Services documenting that he had not received a pardon for any of his convictions.

    13. SA Smith reviewed historical incident reports for MCCELDON showing his involvement with firearms and violent crimes. SA Smith also reviewed publicly viewable social media posts by MCCLENDON which showed him in possession of firearms and large amounts of United States Currency.

    14. On June 9, 2021, SA Smith presented testimony to the United States Grand Jury in Charleston, South Carolina regarding two counts of Title 18, United States Code, Section 922(g)(1) for firearm possession related offenses occurring on May 4, 2020 and December 14, 2020. A federal arrest warrant was issued for MCCLENDON based on the Grand Jury indictment and the arrest warrant was entered into the National Crime Information Center (NCIC) pending him being located and arrested.

    15. On July 14, 2021, SA Smith located a new vehicle record for MCCLENDON in the South Carolina Department of Motor Vehicles database. The vehicle recently registered to MCCLENDON was a 2017 Nissan Sentra sedan with South Carolina license

plate UKA671. The vehicle was registered to MCCLENDON with an address of 299 David Court Ladson SC 29456.

16. On July 14, 2021, SA Smith spoke with the ATF Task Force Officer (TFO) R. Gerten of the Charleston Police Department regarding the new vehicle registered for MCCLENDON. TFO Gerten utilized social media posts from this date and determined that MCCLENDON was in the area of the Northwoods Mall located off of Rivers Avenue in North Charleston, South Carolina. TFO Gerten was able to locate the aforementioned vehicle in the parking lot of Northwoods Mall and observed MCCLENDON in the vehicle.

17. On July 14, 2021, TFO Gerten followed the aforementioned vehicle to the address of 2470 Prospect Drive North Charleston SC which is the Best Western hotel. TFO Gerten observed the vehicle park and MCCLENDON exit the vehicle. TFO Gerten observed MCCLENDON enter the hotel of Tru by Hilton which is located at 2475 Prospect Drive North Charleston SC. TFO Gerten observed the aforementioned vehicle belonging to MCCLENDON being driven away from the location by an unknown individual.

18. On July 14, 20201, TFO Gerten along with SA Smith, SA Barboza, SA Berlin, SA Eikenberg and SA Preston conducted surveillance of the hotel of Tru by Hilton located at 2475 Prospect Drive North Charleston SC. During surveillance MCCLENDON was not observed exiting the premises. Later during surveillance, the aforementioned vehicle was observed returning to the Tru by Hilton hotel and parking in the lot in front of the building.

19. On July 14, 2021, after a period of time of MCCLENDON was observed exiting from the front door of the hotel carrying a white and multi-colored backpack.

Surveillance units noted that MCCLENDON was not wearing the same style clothing as previously being seen in and MCCLENDON was not previously observed with the backpack in his possession when he entered the hotel. Surveillance units observed MCCLENDON approach the aforementioned vehicle and place the backpack inside the vehicle. Surveillance units conducted a tactical approach and apprehended MCCLENDON at the vehicle based on the active federal arrest warrant in this case.

20. Upon SA Smith and SA Preston detaining MCCLENDON, large sums of US Currency were located in his two front pants pockets. While advising MCCLENDON of the nature of his arrest warrant, he stated that there was a backpack in the car that belonged to him and contained "weed" [marijuana] and a firearm. SA Eikenberg advised MCCLENDON of his *Miranda* Rights from an issued card and he agreed to make a statement. MCCLENDON once again admitted that there was a backpack in the car that contained "weed" [marijuana] and a firearm, which belonged to him. MCCLENDON also said he was a convicted felon and knew that he was prohibited from possessing firearms and ammunition.

21. Inside the backseat of the aforementioned vehicle, a white and multi-colored backpack was located which matched that of the one MCCLENDON was observed carrying from the hotel. Within the backpack, a large quantity of green plant-like material presumed to be Marijuana was located in clear plastic bags along with a scale. Additionally, a Smith and Wesson .45 caliber firearm and ammunition were located and the firearm and one round in the camber.

22. Located within the front driver's door of the vehicle was a digital scale. In the trunk of the vehicle various rounds of ammunition were located along with a box of clear plastic bags.

23. On July 14, 2021, SA Preston made contact with the management staff at the Tru by Hilton hotel. SA Preston was informed by hotel management that MCCLENDON was a key holder of Room #410 within the SUBJECT PREMISES. SA Preston was further informed that the room had been rented for at least another day.

24. Assistant United States Attorney Sean Kittrell has reviewed this affidavit.

## VII.

## CONCLUSION

24. Based upon t my training and experience, and the aforementioned facts, including the fact that MCCLENDON transported the backpack noted above, containing a firearm and controlled substances, from the hotel to the car, I believe there is probable cause to support that evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 922(g)(1) [felon in possession of a firearm or ammunition]; Title 18, United States Code, Section 924(c) [using or possessing a firearm during and in relation to a drug trafficking crime]; and Title 21, United States Code, Section 841(a)(1) [possession of a controlled substance with intent to distribute].

ADAM SMITH
Digitally signed by ADAM SMITH
Date: 2021.07.14 21:30:40 -04'00'

Adam M. Smith, Special Agent
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

SWORN TO ME VIA TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS AND SIGNED BY ME PURSUANT TO FED. R. CRIM. P. 4.1 AND 4(d) OR 42(d)(3) AS APPLICABLE
THIS ____ DAY of JULY, 2021

_Molly H. Cherry_
MOLLY H. CHERRY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

The SUBJECT PREMISES is further described as:

    2475 Prospect Drive, North Charleston, South Carolina, the business of Tru by Hilton Hotel.  The SUBJECT PREMISES is a multi-level hotel business located at the aforementioned address.  The SUBJECT PREMISES is clearly marked with the signage of "Tru by Hilton" on the front of the building facing the roadway.  The SUBJECT PREMISES has a blue, tan and brown façade.  The address of 2475 is clearly marked on the building.  The room #410 is located within the SUBJECT PREMISES and is a private rented hotel room which requires a key card to enter.

    The area to be searched includes the aforementioned hotel room of #410 which is contained within the SUBJECT PREMISES and includes the room, porches, locked containers and safes, and other parts therein.

## ATTACHMENT B

The ITEMS TO BE SEIZED are described as follows:

a. Firearms, including revolvers, pistols, rifles, shotguns, machineguns, assault weapons, silencers, and destructive devices and ammunition as defined by Title 18, United States Code, Section 921(a);

b. Firearms accessories, including firearm magazines, gun cases, ammunition, ammunition magazines, holsters, and spare parts for firearms;

c. Photographs of firearms or of persons in possession of firearms;

d. Any documents, including videotapes, receipts, telephone records, telephone bills, address books, distribution lists, customer lists, firearm supplier lists, price lists, lists of firearms acquired and disposed of, bank statements, storage unit receipts, wire transfer receipts, firearms money ledgers, pay-owe sheets, correspondence, documents or devices noting price and other records that relate to the sale, purchase, transfer or possession of any firearm;

e. Narcotic drugs and controlled substances, including cocaine, crack cocaine, methamphetamine, drug paraphernalia, pipes, cutting agents and solvents, measuring devices and weighing devices, scales, sieves, strainers, testing devices, plastic, tinfoil, cellophane, jars, plastic bags, containers, pill presses, paper bindles, glass vials, razor blades, mirrors, straws and other inhaling devices, rubber gloves, and other items used in the packaging of controlled substances.

f. Quantities of US currency.

g. Narcotics or money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notations, logs, receipts, journals, books,

records and other documents noting the price, quantity and/or times when narcotics were obtained, transferred, imported, sold, distributed, and/or concealed.

h. Bank account records, wire transfer records, bank statements, safe deposit box keys and records, income tax returns, financial records and notes showing payment, receipt, concealment, transfer, or movement of money, and financial instruments purchased with amounts of currency or $1,000 or more, including travelers checks, bonds, stock certificates, cashier's checks, and certificates of deposit.

i. Cellular telephones, tablet devices and digital storage media.

j. Personal telephone and address books and listings, letters, cables, telegrams, telephone bills, personal notes, photographs, film, undeveloped film, videotapes, audiotapes, and other items reflecting names, addresses and telephone numbers, communications, and/or association with other individuals involved or believed to be involved in drug trafficking activities.

k. Money wrappers, rubber bands, money containers, money-counting machines, boxes, bags, briefcases, suitcases, or containers used to carry large amounts of currency or controlled substances.

l. Records, documents, and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items, and the keys to any such real estate, vehicles, or safe deposit boxes.

m. Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, cancelled checks, maps, and written directions to locations.

n. Indicia of occupancy or residency of the premises and things described in this warrant including utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, escrow documents, cancelled envelopes and keys.